IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Charleston

THE WEST VIRGINIA COALITION
AGAINST DOMESTIC VIOLENCE, INC.,

    *Plaintiff*,

        v.                       Case No. 2:19-cv-00434
                                       (Judge John T. Copenhaver, Jr.)

PATRICK J. MORRISEY, in his official
capacity as Attorney General for the
State of West Virginia,

    *Defendant*.

## AMENDED ANSWER TO COMPLAINT FOR
## DECLARATORY AND INJUNCTIVE RELIEF

    Defendant, Patrick J. Morrisey, in his official capacity as Attorney General for the State of West Virginia, responds to the allegations contained in the Complaint as follows:

### Jurisdiction and Venue

    1.    In response to the allegations contained in Paragraph 1 of the Complaint, the Attorney General states that this is either a legal conclusion or is not a statement of fact to which a response is required. The Attorney General does, however, deny this conclusion insofar as it assumes that the Plaintiff has standing to bring this action under the cited authorities.

    2.    In response to the allegations in Paragraph 2 of the Complaint, the Attorney General admits that the allegations are generally a correct statement of the operation of the cited statute. The Attorney General denies the allegations in Paragraph 2 insofar as they assume that the Plaintiff has standing to bring this action under the cited authorities.

3. The Attorney General admits that the allegations contained in Paragraph 3 of the Complaint are generally a correct statement of the statute cited therein and that venue is proper.

## The Parties

4. In response to Paragraph 4 of the Complaint, the Attorney General, upon information and belief, admits that the West Virginia Coalition Against Domestic Violence, Inc. is a 501(c)(3) nonprofit membership organization with a principal place of business in Elkview, West Virginia.. The Attorney General lacks sufficient information to determine the truth or falsity of the remaining factual allegations in Paragraph 4 and thus denies them.

5. In response to Paragraph 5 of the Complaint, the Attorney General admits that he is currently the Attorney General of West Virginia and has the powers and duties in his official capacity as Attorney General, including being the State's chief legal official, that are conferred upon him by the West Virginia Constitution and the W.Va. Code . The Attorney General further admits that W.Va. Code § 61-7-14(f) authorizes the Attorney General to enforce its prohibitions, but denies that any such enforcement has been undertaken.

## Facts

6. In response to Paragraph 6 of the Complaint, the Attorney General admits that W.Va. Code § 61-7-14(b) allows property owners to prohibit the open or concealed carrying of "any firearm or deadly weapon" on their property and that anyone who brings a firearm or deadly weapon on such property and refuses to leave or turn it over is guilty of a misdemeanor under § 61-7-14(c). The Attorney General denies the remaining allegations in Paragraph 6 and avers that they are legal conclusions by the Plaintiff to which no response is required.

7. In response to Paragraph 7 of the Complaint, the Attorney General admits that the Legislature enacted House Bill 4817, which amended W.Va. Code § 61-7-14 and became effective

on June 8, 2018 and that this amendment contains the four cited provisions. The Attorney General denies the remaining allegations in Paragraph 7 that this law sharply curtails the rights of persons it applies to and avers that that is a legal conclusion by the Plaintiff to which no response is required.

8. In response to the allegations in Paragraph 8 of the Complaint, the Attorney General admits that W.Va. Code §§ 61-7-14(d)(1), (4) requires that organizations permit employees, invitees, and customers to store firearms in their vehicles and denies the allegations insofar as the Plaintiff is asserting that it requires organizations permit anyone to store firearms in their vehicles.

9. The Attorney General admits that the allegation in Paragraph 9 of the Complaint is a correct recitation of W.Va. Code § 61-7-14(d)(1).

10. The Attorney General admits that the allegation in Paragraph 10 of the Complaint is a correct recitation of W.Va. Code § 61-7-14(d)(4).

11. In response to Paragraph 11 of the Complaint, the Attorney General admits that W.Va. Code §§ 61-7-14(d)(2)(A) and (B) prohibit persons who own, rent, or control property to ask about the presence of firearms in a vehicle, or to search vehicles on their property that they have reason to believe contain a gun. The Attorney General denies the remaining allegations in Paragraph 11 and avers that that is a legal conclusion by the Plaintiff to which no response is required.

12. The Attorney General admits that the allegation in Paragraph 12 of the Complaint is a correct recitation of W.Va. Code §§ 61-7-14(d)(2)(A) and (B).

13. The Attorney General admits the allegations in Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, the Attorney General admits that W.Va. Code § 61-7-14(d)(2)(C) governs the actions covered persons may take after an employee,

customer, or invitee indicates they have a firearm in his or her vehicle. The Attorney General denies the remaining allegations in Paragraph 14 that § 61-7-14(d)(2)(C) governs what covered persons may say.

15. The Attorney General admits that the allegation in Paragraph 15 of the Complaint is a correct recitation of W.Va. Code § 61-7-14(d)(2)(C).

16. The Attorney General denies the allegations in Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, the Attorney General admits that the Employment Provision prohibits employers from conditioning employment on an employee's agreement not to keep a firearm locked inside his or her vehicle and that the remaining allegation is a correct recitation of W.Va. Code § 61-7-14(d)(3)(B).

18. In response to Paragraph 18 of the Complaint, the Attorney General admits that W.Va. Code § 61-7-14(e) provides that property owners have "no duty of care related to the acts prohibited under [subsection (d)]" and have immunity from any "civil action for money damages based upon any action or inactions taken in compliance with subsection (d)" and does not provide explicit instruction on the ways a property owner can determine whether a firearm is lawfully possessed.

19. The Attorney General admits that the allegations in Paragraph 19 of the Complaint are generally a correct statement of the operation of W.Va. Code § 61-7-14(f).

20. The Attorney General denies the allegations in Paragraph 20 of the Complaint and avers that they are legal conclusions by the Plaintiff to which no response is required.

21. The Attorney General admits the allegations in Paragraph 21 of the Complaint state the Plaintiff's mission as set forth by its website.

22. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 22 of the Complaint and thus denies them.

23. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 23 of the Complaint and thus denies them.

24. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 24 of the Complaint and thus denies them.

25. The Attorney General admits that the cited studies exist but lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 25 of the Complaint and thus denies them.

26. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 26 of the Complaint and thus denies them.

27. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 27 of the Complaint and thus denies them.

28. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 28 of the Complaint and thus denies them.

29. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 29 of the Complaint and thus denies them.

30. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 30 of the Complaint and thus denies them.

31. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 31 of the Complaint and thus denies them.

32. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 32 of the Complaint and thus denies them.

33. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 33 of the Complaint and thus denies them.

34. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 34 of the Complaint and thus denies them.

35. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 35 of the Complaint and thus denies them.

36. The Attorney General admits that providing a safe location for visitation and exchange by custodial and non-custodial parents is important. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the remaining factual allegations in Paragraph 36 of the Complaint and thus denies them.

37. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 37 of the Complaint and thus denies them.

38. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 38 of the Complaint and thus denies them.

39. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 39 of the Complaint and thus denies them.

40. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 40 of the Complaint and thus denies them.

41. In response to Paragraph 41 of the Complaint, the Attorney General admits that W.Va. Code R. § 191-2-4.1 requires licensed domestic violence shelters to have written policies that prohibiting weapons and alcohol and drug use in the shelters except for law enforcement officers and that a copy of these policies must be given and signed by residents. The Attorney

General lacks sufficient knowledge and information to determine the truth or falsity of the remaining allegations in Paragraph 41 and thus denies them.

42. The Attorney General lacks sufficient knowledge and information about the Plaintiff's coalition members' practices and policies to determine the truth or falsity of the factual allegations in Paragraph 42 of the Complaint and thus denies them.

43. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 43 of the Complaint and thus denies them.

44. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 44 of the Complaint and thus denies them.

45. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 45 of the Complaint and thus denies them.

46. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 46 of the Complaint and thus denies them.

47. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 47 of the Complaint and thus denies them.

48. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 48 of the Complaint and thus denies them.

49. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 49 of the Complaint and thus denies them.

50. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 50 of the Complaint and thus denies them.

51. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 51 of the Complaint and thus denies them.

52. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 52 of the Complaint and thus denies them.

53. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 53 of the Complaint and thus denies them.

54. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 54 of the Complaint and thus denies them.

55. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 55 of the Complaint and thus denies them.

56. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 56 of the Complaint and thus denies them.

57. The Attorney General lacks sufficient knowledge and information as to the policies, practices, and concerns of the Plaintiff's coalition members to determine the truth or falsity of the factual allegations in Paragraph 57 of the Complaint and thus denies them.

58. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 58 of the Complaint and thus denies them.

59. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 59 of the Complaint and thus denies them.

60. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 60 of the Complaint and thus denies them.

61. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 61 of the Complaint and thus denies them.

62. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 62 of the Complaint and thus denies them.

63. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 63 of the Complaint and thus denies them.

64. In response to Paragraph 64 of the Complaint, the Attorney General denies that the Parking Lot Amendments create any absurdity. The Attorney lacks sufficient knowledge and information to determine the truth or falsity of the remaining factual allegations in Paragraph 64 and thus denies them.

65. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 65 of the Complaint and thus denies them.

66. The Attorney General denies the allegations in Paragraph 66 of the Complaint.

67. In response to Paragraph 67 of the Complaint, the Attorney General denies that the Parking Lot Amendments increases danger to the Plaintiff. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the remaining factual allegations in Paragraph 67 and thus denies them.

68. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of allegations in Paragraph 68 of the Complaint and thus denies them.

69. In response to Paragraph 69 of the Complaint, the Attorney General denies that the Parking Lot Amendments infringe on the free-associational rights or infringes the free-association rights of Plaintiff's coalition-member program or the program's clients. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the remaining factual allegations in Paragraph 69 and thus denies them.

70. The Attorney General denies the allegations in Paragraph 70 of the Complaint.

71. The Attorney General lacks sufficient knowledge and information to determine whether coalition members enforced a uniform ban on firearms or ever inquired about the presence

of firearms prior to the enactment of the Parking Lot Amendments. The Attorney General admits that the Parking Lot Amendments prohibit a complete ban on the presence of firearms in parking lots and from owners from engaging in certain conduct relating to the presence of firearms on their premise.

72. In response to Paragraph 72 of the Complaint, the Attorney General denies that the Parking Lot Amendment harms the Plaintiff's coalition members by forcing them to adopt specific policies contrary to their missions. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the remaining factual allegations in Paragraph 72 and thus denies them.

## Causes of Action

### Count I
### Violation of 42 U.S.C. § 1983
### (Free Speech under the First Amendment to the U.S. Constitution)

73. The Attorney General admits that the allegations contained in Paragraph 73 of the Complaint are generally a correct statement of the operation of W.Va. Code § 61-7-14(d)(2)(A), that there are no explicit exceptions for safety, and that "privacy rights" is not explicitly defined.

74. The Attorney General admits that the allegations contained in Paragraph 74 of the Complaint are generally a correct statement of the operation of W.Va. Code § 61-7-14(d)(2)(C) and that "take no action" is not explicitly defined in that section.

75. The Attorney General denies the allegations in Paragraph 75 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

76. The Attorney General denies the allegations in Paragraph 76 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

77. The Attorney General denies the allegations in Paragraph 77 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

78. The Attorney General denies the allegations in Paragraph 78 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

79. The Attorney General denies the allegation in Paragraph 79 of the Complaint that the Parking Lot Amendment chills the Plaintiff's coalition members' speech and avers that it is a legal conclusion of the Plaintiff to which no response is required.  The Attorney General further lacks sufficient information to determine the truth or falsity of the remaining factual allegation in Paragraph 79 that ccertain coalition members have engaged in self-censorship and thus denies them.

80. The Attorney General lacks sufficient knowledge and information to determine the truth or falsity of the factual allegations in Paragraph 80 of the Complaint and thus denies them.

81. The Attorney General denies the allegations in Paragraph 81 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

82. The Attorney General denies the allegation in Paragraph 82 of the Complaint that W.Va. Code §§ 61-7-14(d)(2)(A) and (C) chill the Plaintiff's coalition members' speech and avers that it is legal conclusions of the Plaintiff to which no response is required.  The Attorney General further lacks sufficient information to determine the truth or falsity of the remaining factual allegation in Paragraph 82 on the intended actions of coalition members and thus denies them.

83. The Attorney General denies the allegations in Paragraph 83 of the Complaint except that the Attorney General admits that the Plaintiff is seeking declaratory and injunctive relief.

## Count II
## Violation of 42 U.S.C. § 1983
## (Freedom of Association under the First Amendment to the U.S. Constitution)

84. The Attorney General lacks sufficient information to determine the truth or falsity the allegations in Paragraph 84 of the Complaint and thus denies them.

85. The Attorney General denies the allegations in Paragraph 85 of the Complaint that the Parking Lot Amendments impede the Plaintiff's coalition members from implementing policies to provide safe spaces for abuse victims. The Attorney General lacks sufficient information to determine the truth or falsity of the remaining factual allegations in Paragraph 85 and thus denies them.

86. The Attorney General denies the allegations in Paragraph 86 of the Complaint.

87. The Attorney General denies the allegation in Paragraph 87 of the Complaint and avers that it is a legal conclusion of the Plaintiff to which no response is required except that the Attorney General admits that the Plaintiff is seeking declaratory and injunctive relief.

## Count III
## Violation of 42 U.S.C. § 1983
## (Substantive Due Process under the Fourteenth Amendment to the U.S. Constitution)

88. The Attorney General admits that the allegations contained in Paragraph 88 of the Complaint are generally a correct statement of the operation of the Fourteenth Amendment of the United States Constitution.

89. In response to Paragraph 89 of the Complaint, the Attorney General admits that the Fourteenth Amendment of the United States Constitution protects the rights in the Bill of Rights and certain fundamental rights. The Attorney General denies the remaining allegation in Paragraph 80 and avers it is as legal conclusions by the Plaintiff to which no response is required.

90. The Attorney General denies the allegations in Paragraph 90 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

91. The Attorney General lacks sufficient information to determine the truth or falsity of the allegations of Paragraph 91 of the Complaint and thus denies them and demands strict proof thereof.

92. The Attorney General denies the allegations in Paragraph 92 of the Complaint and avers these statements contain legal conclusions of the Plaintiff to which no response is required.

93. The Attorney General denies the allegations in Paragraph 93 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

94. The Attorney General lacks sufficient information to determine the truth or falsity of the allegations of Paragraph 94 of the Complaint and thus denies them.

95. The Attorney General denies the allegations in Paragraph 95 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

96. In response to Paragraph 96 of the Complaint, the Attorney General admits that the Plaintiff is seeking declaratory and injunctive relief in this action but denies the remaining allegation in Paragraph 96 and avers that it is as a legal conclusion by the Plaintiff to which no response is required.

**Count IV**
**Violation of 42 U.S.C. § 1983**
**(Procedural Due Process under the Fourteenth Amendment to the U.S. Constitution)**

97. In response to Paragraph 97 of the Complaint, the Attorney General admits that the allegation in Paragraph 97 of the Complaint that W.Va. Code § 61-7-14(d)(2)(A) and (B) prohibits persons who own, lease, or control property from infringing on the privacy rights of customers,

13

employees, and invitees by engaging in enumerated investigatory actions. The Attorney General denies the remaining allegations in Paragraph 97.

98. The Attorney General denies the allegations in Paragraph 98 of the Complaint as they are legal conclusions of the Plaintiff that are not necessarily an accurate representation of West Virginia law and applicable authority.

99. The Attorney General denies the allegations in Paragraph 99 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required.

100. In response to Paragraph 100 of the Complaint, the Attorney General admits that the allegation contained in Paragraph 100 of the Complaint that W.Va. Code § 61-7-14(d)(2)(C) persons who own, lease, or control real property from "tak[ing] any action against a customer, employee, or invitee" based on written or verbal statements about the possession of a firearm in a vehicle. The Attorney General denies the remaining allegations in Paragraph 100 as a legal conclusion by the Plaintiff that are not necessarily an accurate representation of West Virginia law and applicable authority.

101. The Attorney General lacks sufficient information on the responsive actions of the Plaintiff's coalition members to determine the truth or falsity of the factual allegations of Paragraph 101 of the Complaint and thus denies them.

102. The Attorney General lacks sufficient information on the intentions and fears of the Plaintiff's coalition members to determine the truth or falsity of the factual allegations of Paragraph 102 of the Complaint and thus denies them.

103. The Attorney General denies the allegations in Paragraph 103 of the Complaint and avers that they are legal conclusions of the Plaintiff to which no response is required except the Attorney General admits that the Plaintiff is seeking declaratory and injunctive relief.

14

The Attorney General denies all allegations contained in the Complaint which are not expressly admitted herein.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. There is neither factual nor legal support for injunctive relief.

3. Defendant reserves the right to assert additional affirmative defenses.

DATED: January 26, 2021

Respectfully submitted,

COUNSEL FOR PATRICK J. MORRISEY, in his official capacity as Attorney General for the State of West Virginia

PATRICK MORRISEY
 ATTORNEY GENERAL

*/s/* Steven A. Travis
Lindsay S. See (WV Bar #13360)
 *Solicitor General*
Steven A. Travis (WV Bar #10872)
 *Deputy General Counsel*
Douglas P. Buffington, II (WV Bar #8157)
 *Chief Deputy Attorney General*
Office of the West Virginia Attorney General
1900 Kanawha Blvd., East
Building 1, Room E-26
Charleston, WV 25305
(304) 558-2021
Lindsay.S.See@wvago.gov
Steven.A.Travis@wvago.gov
Doug.P.Buffington@wvago.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# at Charleston

THE WEST VIRGINIA COALITION
AGAINST DOMESTIC VIOLENCE, INC.,

    *Plaintiff,*

       v.                                      Case No. 2:19-cv-00434
                                                    (Judge John T. Copenhaver, Jr.)

PATRICK J. MORRISEY, in his official
capacity as Attorney General for the
State of West Virginia,

    *Defendant*.

## CERTIFICATE OF SERVICE

       I hereby certify that on January 26, 2021, I electronically filed the foregoing Amended Answer to Complaint with the Clerk of the United States District Court for the Southern District of West Virginia using the CM/ECF system. All participants are registered CM/ECF users and have been served by the CM/ECF system.

                                                           */s/* Steven A. Travis
                                                           Steven A. Travis
                                                             *Deputy General Counsel*