## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### at Charleston

THE WEST VIRGINIA COALITION
AGAINST DOMESTIC VIOLENCE, INC.,

      *Plaintiff,*

      v.                                Case No. 2:19-cv-00434
                                            (Judge John T. Copenhaver, Jr.)

PATRICK J. MORRISEY, in his official
capacity as Attorney General for the
State of West Virginia

      *Defendant*.

### JOINT STIPULATION OF FACTS

The parties to this action stipulate to the following facts:

1.      The West Virginia Coalition Against Domestic Violence, Inc. (the "Coalition") is a 501(c)(3) nonprofit membership organization incorporated under the laws of West Virginia, with a principal place of business in Elkview, West Virginia.

2.      The Coalition has fourteen member programs ("Members"), each of which is a domestic-violence program licensed by the West Virginia Family Protection Services Board ("FPSB").

3.      Each Coalition Member is an incorporated non-profit entity that manages its own facilities and programs and promulgates its own policies within the parameters of the Coalition's "principles of unity" as well as the licensing requirements of the West Virginia FPSB.

4.      Coalition Members provide direct services to victims and survivors of domestic violence and their families.

5.      The services that Coalition Members provide to victims and survivors of domestic violence include case management, advocacy, crisis intervention, referrals, counseling, a 24-hour hotline, safety planning, temporary emergency shelter, and sexual-assault services, among others.

6.      Each Coalition Member operates at least one shelter, as well as one or more outreach offices, that provide direct services to victims and survivors of domestic violence. Some Members also operate visitation and exchange centers that provide for supervised court-ordered visitation of minor children by estranged parents.

7.      Coalition Members own, lease, and/or are charged with the care, custody, and control over parking areas that are subject to the provisions of W. Va. Code. § 61-7-14.

8.      The mission of the Coalition is "to end personal and institutional violence in the lives of women, children and men." With its Members, the Coalition works to "transform social, cultural, and political attitudes" and promote values of respect and nonviolence.

9.      The Coalition supports Members in their provision of services to victims and survivors of domestic violence by strengthening public policy, coordinating statewide education and training, providing assistance to Members, and raising public awareness about violence against women.

10.     Providing a safe environment for victims and survivors of domestic violence is vital to the work of the Coalition and its Members.

11.     Part of creating a safe environment for victims and survivors of domestic violence is creating an environment where victims and survivors will not be retraumatized.

12.     West Virginia averages several dozen domestic violence homicides per year. A portion of domestic violence homicides in West Virginia are perpetrated using a firearm.

13.     A domestic abuser's access to a firearm may increase the risk of lethal violence to his or her victim.

14.     Domestic abusers can use firearms to cause physical harm or death to their victims, and to threaten, intimidate, and control their victims.

15.     Victims of domestic violence face an increased risk of lethal violence when they attempt to leave their abuser.

16.     Some abusers attempt to locate their victim after he or she has left, in order to stalk, harass, threaten, intimidate, or physically harm the victim or their children.

17.     Abusers have come to Coalition Members' properties to stalk, harass, threaten, intimidate, or harm their victims and/or the victim's children.

18.     Abusers have threatened violence against Coalition Members' clients, staff, and facilities.

19.     Coalition Members face security concerns to their programs, facilities, staff, and clients, as the result of providing direct services to victims and survivors of domestic violence.

20.     Coalition Members' shelter staff and residents at times face the risk of violence from other shelter residents, many of whom have experienced significant trauma.

21.     The West Virginia FPSB requires licensed domestic-violence shelters like Coalition Members to have written policies "that prohibit the possession and use of weapons . . . violence and drug and alcohol use within the shelter." Coalition Members are required to provide a copy of these policies to shelter residents.

22.     As licensed domestic violence programs, Coalition Members provide a safe location for victims and survivors of domestic violence to shelter and to receive counseling and other services.

23.     It is integral to Coalition Members' missions and programming to provide physical safety to victims and survivors of domestic violence, and to provide an environment where these clients feel safe when accessing Members' services.

24.     Before the Parking Lot Amendments went into effect, some Coalition Members had policies, procedures, and/or signage that prohibited firearms throughout their property, including in parking areas and parked vehicles.

Respectfully submitted,

**THE WEST VIRGINIA COALITION AGAINST DOMESTIC VIOLENCE, INC.,**

*By counsel,*


/s/ Lucas R. White
J. David Fenwick (W. Va. Bar No. 6029)
Lucas R. White (W. Va. Bar No. 12501)
**GOODWIN & GOODWIN, LLP**
300 Summer Street, Suite 1500
P.O. Box 2107
Charleston, WV 25328
(304) 346-7000
*jdf@goodwingoodwin.com*

Deepak Gupta*
Jonathan E. Taylor*
**GUPTA WESSLER PLLC**
1900 L Street, NW, Suite 312
Washington, DC 20036
(202) 888-1741
*deepak@guptawessler.com*

Eric Tirschwell*
Alla Lefkowitz*
James Miller*
**EVERYTOWN LAW**
450 Lexington Avenue
P.O. Box 4184
New York, NY 10017
(646) 324-8222
*etirschwell@everytown.org*

*Counsel for Plaintiff The West Virginia Coalition Against Domestic Violence, Inc.*

*\*Pro hac vice*

**PATRICK J. MORRISEY, in his official capacity as Attorney General for the State of West Virginia,**

*By counsel,*


/s/ Steven A. Travis
Lindsay S. See (W. Va. Bar No. 13360)
*Solicitor General*
Steven A. Travis (W. Va. Bar No. 10872)
*Deputy General Counsel*
Douglas P. Buffington (W. Va. Bar. No. 8157)
*Chief Deputy Attorney General*
Office of the West Virginia Attorney General
1900 Kanawha Blvd., East
Building 1, Room E-26
Charleston, WV 25305
(304) 558-2021
Lindsay.S.See@wvago.gov
Steven.A.Travis@wvago.gov
Doug.P.Buffington@wvago.gov

*Counsel for Defendant Patrick J. Morrisey, in his official capacity as Attorney General for the State of West Virginia*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
at Charleston**

THE WEST VIRGINIA COALITION
AGAINST DOMESTIC VIOLENCE, INC.,

     *Plaintiff,*

     v.                               Case No. 2:19-cv-00434
                                          (Judge John T. Copenhaver, Jr.)

PATRICK J. MORRISEY, in his official
capacity as Attorney General for the
State of West Virginia

     *Defendant.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on January 29, 2021, I electronically filed the foregoing Joint

Stipulation of Facts with the Clerk of the United States District Court for the Southern District of

West Virginia using the CM/ECF system. All participants are registered CM/ECF users and will

be served by the CM/ECF system.

                            /s/ Lucas R. White
                            Lucas R. White (W. Va. Bar No. 12501)

                            *Counsel for Plaintiff The West Virginia Coalition
                            Against Domestic Violence, Inc.*