IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| THE WEST VIRGINIA COALITION AGAINST DOMESTIC VIOLENCE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> PATRICK J. MORRISEY, in his official capacity as Attorney General for the State of West Virginia, <br><br> *Defendant*. | Civil Action No. 2:19-cv-00434 <br> (Judge John T. Copenhaver, Jr.) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO FILE DOCUMENTS UNDER SEAL</u>**

Pursuant to the Stipulated Protective Order entered on October 22, 2019 (Dkt. 25), Plaintiff, the West Virginia Coalition Against Domestic Violence, Inc. (the "Coalition"), moves to seal the unredacted versions of certain documents to its Motion for Summary Judgment. These documents are declarations by the executive directors of four domestic violence programs, as well as certain of the programs' security policies that they authenticate as exhibits. The Coalition also seeks to file under seal a Table identifying the anonymized Programs A through D and their directors. Public filing of these materials would reveal security measures that these specific shelters use to protect their clients and staff. This could jeopardize their effectiveness against abusers, who often seek to exploit shelters' security vulnerabilities in order to gain access to their victims.

The Coalition has publicly filed redacted versions of the four declarations as exhibits to its Motion for Summary Judgment. In accordance with the October 22, 2019 Protective Order, the only information redacted from these public versions is (1) the names of the specific domestic

violence programs, (2) the names of specific program employees (including in signature blocks), and (3) geographic information which would identify the programs. This information is redacted so that Plaintiff can publicly discuss the various security policies that are relevant to its claims without attributing specific security measures to specific shelters. In sum, although there is a presumptive right of access to court filings, this presumption is overcome where narrowly tailored redactions and sealing are necessary to protect the safety and security of the parties.

## FACTUAL BACKGROUND

The Coalition is a non-profit membership organization comprised of 14 licensed domestic violence programs in the state of West Virginia. Thomas Decl. ¶ 2 (Dkt. 38-18). Because these programs serve victims of domestic abuse, their shelters face a significant and ongoing security threat from abusers seeking to stalk, harass, or harm their victims. *See id.* ¶¶ 7-8. As explained by Coalition Team Coordinator Joyce Yedlosky in support of Plaintiff's motion for a protective order, abusers often try to identify—and then exploit—vulnerabilities in shelter security in order to locate and harm their victim:

> [A]t [one] program, an abuser hid near a shelter for several days to monitor how the facility operated before breaking in to assault his victim. I know firsthand and from discussions with Coalition members that multiple programs have had abusers loiter near their properties to intimidate residents. Abusers also sometimes impersonate a victim's family, law enforcement, or even a pizza delivery driver to try to confirm whether their victim is staying at a member program's shelter. They also regularly exploit community resources to try to locate their victim, doing things like filing missing persons reports or asking child protective services to investigate their victim. It is also not uncommon for abusers or their family members to gain access to program facilities by posing as the victim's family members. In many incidents like the ones described above, abusers appear to have made concerted efforts to exploit perceived vulnerabilities in shelter security, including both physical security measures as well as procedures for accessing the shelter.

Yedlosky Decl. ¶ 5 (Dkt. 24-2).

For these reasons, this Court entered the parties' Stipulated Protective Order on October 22, 2019, finding good cause to "protect certain information from public disclosure pursuant to Fed. R. Civ. P. 26(c)." (Dkt. 25). Pursuant to that Order, the Coalition now seeks to file four declarations and the Table of Pseudonyms under seal because they contain "information concerning the specific security policies and procedures, and physical security measures employed by each member program, identif[y] a shelter by name or location, [and] identif[y] a shelter employee." *Id.* Specifically,

- The declarations of the directors who run Programs A through D, which describe and attach: (i) current and past weapons policies for residents and staff; (ii) intake procedures for securing weapons and security features on the property; and (iii) past security incidents. The remaining attachments are not security policies, but identify the individual programs by name and contain other sensitive details.

- The Table of Domestic Violence Program Pseudonyms is an appendix prepared in accordance with paragraph 2 of the Stipulated Protective Order (Dkt. 25) that names the specific member program and declarant corresponding to each program pseudonym.

While the Table and Declarations are submitted under seal, the Motion to Seal and this Memorandum do not contain any such sensitive information and can be filed on the public docket.

**ARGUMENT**

Materials filed in connection with a summary judgment motion are subject to a presumptive right of public access under the First Amendment. *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014). This presumption may be overcome, however, where sealing is "necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Wolfe v. Green*, No. CIV.A. 2:08-01023, 2010 WL 5175165, at *2 (S.D. W. Va. Dec. 15, 2010). Here, protecting the physical safety of people who live and work at domestic violence shelters is a compelling

3

interest, and the redactions and sealing at issue are narrowly tailored to protect that interest while maximizing public access to the summary judgment record.

Guarding against physical harm to a litigant is a compelling government interest for purposes of a motion to seal, much as it is for the grant of a protective order. *See, e.g.*, *United States v. Doe*, 962 F.3d 139, 148 (4th Cir. 2020) (reversing denial of motion to seal criminal sentencing motion, and noting that "we have no difficulty concluding that protecting cooperators from harm is a compelling interest that can justify sealing"); *Butler v. Bessinger*, No. 4:16-3662-RMG-TER, 2018 WL 387999, at *1–2 (D.S.C. Jan. 11, 2018) (issuing protective order regarding prison policy whose disclosure would have jeopardized staff safety).

There is ample evidence in the record to establish a "substantial probability" of harm to this interest if the shelters' security policies and related documents are made public in a way that attributes specific security measures to specific shelters. *See U.S. v. Doe*, 962 F.3d at 148. As explained by Coalition declarant Joyce Yedlosky, abusers have a lengthy track record of studying and exploiting vulnerabilities in both the physical security measures and the policies that shelters use to control access and protect their residents. *See* Yedlosky Decl. ¶ 5 (Dkt. 24-2). The declarants from Programs A, B, C, and D, likewise affirm that abusers remain a significant and ongoing threat to their specific programs. *See* Program A Decl. ¶ 10 (describing abusers "coming to our property to stalk, harass, and threaten" as "our single greatest security threat"). *See also, e.g.*, Program B Decl. ¶ 11; Program C Decl. ¶ 5; Program D Decl. ¶ 5.

Finally, sealing these records and publicly filing versions that bear limited redactions of identifying information is an approach narrowly tailored to protect the security needs of the shelters while maximizing public access to the summary judgment record. *See Wolfe*, 2010 WL 5175165, at *2. Here, the information to be withheld from the public record is limited to three

things: (1) the names of the domestic violence programs, (2) the names of program employees (which could identify the program), and (3) in limited instances, geographic references like county names (which could also identify specific programs). This approach will allow the public to view the substance of Plaintiff's filings. *See Pub. Citizen*, 749 F.3d at 267 (purpose of First Amendment right of access is to allow public to understand "[t]he evidence and records filed in connection with summary judgment" as well as "the grounds supporting [the court's] decision"). It will also allow Plaintiff to ensure that unredacted, complete, and authenticated versions of these same documents are included in the summary judgment record.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the attached proposed order granting Plaintiff's motion to file documents under seal.

Respectfully submitted,

/s/ Lucas R. White

| | |
|---|---|
| Deepak Gupta* | J. David Fenwick (W. Va. Bar No. 6029) |
| Jonathan E. Taylor* | Lucas R. White (W. Va. Bar No. 12501) |
| **GUPTA WESSLER PLLC** | **GOODWIN & GOODWIN, LLP** |
| 1900 L Street, NW, Suite 312 | 300 Summer Street, Suite 1500 |
| Washington, DC 20036 | P.O. Box 2107 |
| (202) 888-1741 | Charleston, WV 25328 |
| *deepak@guptawessler.com* | (304) 346-7000 |
| | *lrw@goodwingoodwin.com* |
| Neil K. Sawhney* | Eric Tirschwell* |
| **GUPTA WESSLER PLLC** | Alla Lefkowitz* |
| 100 Pine Street, Suite 1250 | James Miller* |
| San Francisco, CA 94111 | **EVERYTOWN LAW** |
| (415) 573-0336 | 450 Lexington Avenue |
| *neil@guptawessler.com* | P.O. Box 4184 |
| | New York, NY 10017 |
| | (646) 324-8222 |
| | *etirschwell@everytown.org* |
| *Pro hac vice | *Counsel for Plaintiff The West Virginia Coalition Against Domestic Violence, Inc.* |

6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

| | |
|---|---|
| THE WEST VIRGINIA COALITION AGAINST DOMESTIC VIOLENCE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> PATRICK J. MORRISEY, in his official capacity as Attorney General for the State of West Virginia, <br><br> *Defendant*. | Civil Action No. 2:19-cv-00434 <br> (Judge John T. Copenhaver, Jr.) |

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2021, I served a true and exact copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to File Documents Under Seal upon all counsel of record via electronic mail.

                */s/* Lucas R. White
                Lucas R. White

                *Counsel for Plaintiff The West Virginia*
                *Coalition Against Domestic Violence, Inc.*