IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

THE WEST VIRGINIA COALITION
AGAINST DOMESTIC VIOLENCE, INC.,

    *Plaintiff*,

    v.                                        Case No. 2:19-cv-00434
                                                 (Judge John T. Copenhaver, Jr.)

PATRICK J. MORRISEY, in his official
capacity as Attorney General for the
State of West Virginia,

    *Defendant*.

## DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Patrick J. Morrisey, in his official capacity as Attorney General for the State of West Virginia (the "Attorney General"), cross-moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. In support thereof, the Attorney General avers the following:

1. On June 6, 2019, Plaintiff the West Virginia Coalition Against Domestic Violence, Inc. (the "Coalition") instituted this action for declaratory and injunctive relief regarding the Business Liability Protection Act (the "Act"), West Virginia Code § 61-7-14.

2. On August 5, 2019, the Attorney General moved to dismiss the Complaint.

3. On November 5, 2020, this Court denied the motion.

4. On December 11, 2020, this Court set a briefing schedule for the Attorney General's Answer and for dispositive motions.

5. Pursuant to the briefing schedule, on January 15, 2021, the Attorney General filed an Answer to the Complaint.

6. On January 26, 2021, the Attorney General filed an Amended Answer to the Complaint.

7. The Parties agreed discovery was unnecessary and entered into a Joint Stipulation of Facts about the Coalition, its mission, its activities, and domestic violence in general.

8. On March 15, 2021, the Coalition moved for summary judgment on all of its claims.

9. The Attorney General, not the Coalition, is entitled to summary judgment.

10. The Coalition does not have a fundamental right to exclude guns from its properties. Thus its due process claim triggers rational basis review, which the Act satisfies.

11. The Act does not implicate, much less burden, the Coalition's First Amendment associational rights.

12. A reasonable person would know what conduct is prohibited under the Act and thus the Act is not unconstitutionally vague.

13. Lastly, the Act regulates commercial speech and is facially constitutional under *Central Hudson Gas & Electric Corp. v. Public Service Commission*, 447 U.S. 557 (1980).

For these reasons, and those set forth in the accompanying combined memorandum of law in support of his motion and in response to the Coalition's motion, the Attorney General cross-moves for summary judgment.

Respectfully submitted,

PATRICK MORRISEY
 ATTORNEY GENERAL

/s/ Steven A. Travis
Lindsay S. See (WV Bar #13360)
 *Solicitor General*
Douglas P. Buffington, II (WV Bar #8157)
 *Chief Deputy Attorney General*
Steven A. Travis (WV Bar #10872)
 *Deputy General Counsel*

Jessica A. Lee (WV Bar #13751)
 *Assistant Solicitor General*
Office of the West Virginia Attorney General
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305-0220
Email: Steven.A.Travis@wvago.gov
Telephone: (304) 558-2021
Facsimile: (304) 558-0140

DATE:  April 5, 2021