IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| THE WEST VIRGINIA COALITION AGAINST DOMESTIC VIOLENCE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> PATRICK J. MORRISEY, in his official capacity as Attorney General for the State of West Virginia, <br><br> *Defendant*. | Civil Action No. 2:19-cv-00434 <br> (Judge John T. Copenhaver, Jr.) |

**MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

The West Virginia Coalition Against Domestic Violence respectfully moves this Court for an award of reasonable attorneys' fees under 42 U.S.C. § 1988(b). Section 1988(b) authorizes "a prevailing party in certain civil rights actions [to] recover 'a reasonable attorney's fee.'" *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010) (quoting 42 U.S.C. § 1988(b)). On August 31, 2023, this Court issued an opinion declaring that West Virginia Code §§ 61-7-14 (d)(2)(A) and (C) violate the First Amendment to the United States Constitution and are void. The Court further declared that West Virginia Code §§ 61-7-14 (d)(2)(C) violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and is void. There is thus no doubt that the plaintiff qualifies as prevailing party in this constitutional challenge and is entitled to a reasonable fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In its final judgement order entered on September 19, 2023, this Court ordered that the plaintiff may file a motion to recover its reasonable attorney's fees and costs associated with the final judgement on or before October 3, 2023.

In calculating a reasonable fee under section 1988(b), courts typically use "what has come to be known as the 'lodestar.'" *M.B. by Eggemeyer v. Tidball*, 18 F.4th 565, 568 (8th Cir. 2021); *see Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019). "The lodestar calculation is simple: it involves multiplying the number of hours reasonably expended on the case by the reasonable hourly rates" prevailing "in the relevant community." *Tidball*, 18 F.4th at 568–69 (cleaned up). As the Supreme Court has explained, "there is a 'strong presumption' that the lodestar figure is reasonable." *Perdue*, 559 U.S. at 554. But the lodestar figure in this case is especially reasonable because it represents an enormous reduction from the actual number of hours expended by counsel and their actual billing rates.

To represent it in this litigation, the West Virginia Coalition Against Domestic Violence retained three law firms: Everytown Law, a nonprofit law firm specializing in litigation relating to firearms and firearm laws; Gupta Wessler LLP, a boutique, based in Washington, DC, specializing in Supreme Court, appellate, and complex litigation; and Goodwin & Goodwin as local counsel.

Three lawyers from Everytown Law worked on this matter: Alla Lefkowitz, James E. Miller, and Krystan Hitchcock. Ms. Lefkowitz graduated from Duke Law School in 2010 and is the Senior Director of Affirmative Litigation at Everytown Law, where she has worked since 2017. Mr. Miller graduated from New York University School of Law in 2009, and has worked at Everytown Law since 2018, first as counsel and then as senior counsel. Ms. Hitchcock graduated from New York University School of Law in 2013 and joined Everytown Law in 2018 as a litigation fellow and then later became counsel.

Everytown attorneys had a primary role in several aspects of this case, including drafting the complaint in collaboration with co-counsel, and the factual investigation and legal research underlying this pleading. Everytown attorneys were also principally responsible for developing

the factual record to support plaintiff's motion for summary judgment and opposition to the state's motion for summary judgment. Everytown attorneys also supported co-counsel in drafting plaintiff's briefing in opposition to the state's motion to dismiss, in support of plaintiff's motion for summary judgment, and in opposition to the state's cross-motion for summary judgment.

Everytown seeks an award for 64.0 hours of Mr. Miller's time and 15.0 hours for Ms. Hitchcock's time. These figures represent a substantial discount on the actual hours worked by Everytown attorneys on this matter, and do not include any time spent working on this matter prior to the filing of the complaint. It also excludes the time of Ms. Lefkowitz, as well as any Everytown paralegal and administrative staff that worked on this matter. As to rates, Everytown seeks an hourly billing rate of $400/hour for Mr. Miller and $350/hour for Ms. Hitchcock.[1] The total amount in fees sought by Everytown is $30,850, and the total amount sought in costs is $4748.19.

At Gupta Wessler, the three lead lawyers who worked on this case were Deepak Gupta, Jonathan E. Taylor, and Neil Sawhney. Deepak Gupta is the founding partner of Gupta Wessler and graduated from Georgetown University Law Center in 2002. Jonathan E. Taylor is a partner who has been at the Gupta Wessler for over a decade and graduated from Harvard Law School in 2010. Finally, Neil Sawhney is associate at Gupta Wessler who graduated from Stanford Law School in 2014. Together with their co-counsel, Mr. Gupta, Mr. Taylor, and Mr. Sawhney performed much of the core legal work in this case. Among other things, Gupta Wessler attorneys prepared the complaint in collaboration with co-counsel and took a lead role in researching,

---

[1] As the litigation arm of Everytown for Gun Safety Support Fund, a 501(c)(3) non-profit, Everytown Law does not charge its clients attorneys' fees. However, Everytown Law's client in this matter (the West Virginia Coalition Against Domestic Violence) has authorized the firm to seek and retain an award of attorneys' fees and costs from the Court, to the extent such an award is authorized by law.

2

drafting, and filing the plaintiffs' opposition to the motion to dismiss, the plaintiffs' motion for summary judgment, and the plaintiffs' opposition to the state's motion for summary judgment.

Gupta Wessler is exercising billing judgement by not claiming all of its total hours worked on the case—only a smaller subset for the core work. In addition, in the interest of facilitating a quick resolution of this motion, counsel for the plaintiff are heavily discounting—by as much as *half*—their market rates to align with the rates claimed by their co-counsel in this matter. Gupta Wessler thus seeks an award for only 41.45 hours of Mr. Gupta's time, 86.6 hours of Mr. Taylor's time, and 59.4 hours of Mr. Sawhney's time. As for its rates, Gupta Wessler seeks an hourly billing rate of $575 for Mr. Gupta, $485.5 for Mr. Taylor, and $350 Mr. Sawhney. These figures represent exactly *half* their ordinary market rates in Washington, DC—that is, the rates actually paid by clients for their work in Supreme Court, appellate, and complex litigation—and are well within the bounds of a reasonable hourly rate in West Virginia and in this District. The total amount in fees sought by Gupta Wessler is $86,668.25 , and the total amount sought in costs is $5,017.00.

Finally, the lawyers from Goodwin & Goodwin, LLP that worked on this matter were J. David Fenwick and Lucas R. White. Mr. Fenwick is partner in the firm with over 30 years of experience litigating civil cases in West Virginia's state and federal courts. Mr. Fenwick graduated from the University of Tennessee (undergraduate) and the West Virginia University College of Law. Mr. White, a graduate of Yale (undergraduate) and Washington & Lee University School of Law, had nearly a decade of experience litigating cases in West Virginia's state and federal courts. Goodwin & Goodwin seeks an award for 67.70 hours of Mr. Fenwick's time and 65.10 hours of Mr. White's time. As for their rates, Goodwin & Goodwin, LLP, seeks an hourly billing rate of $350 for Mr. Fenwick and $300 for Mr. White. These figures represent customary hourly rates for these lawyers used in representing clients in various types of litigation matters in West Virginia's

3

courts. The total amount in fees sought by Goodwin & Goodwin is $40,130.00, and the total amount sought in costs is $1,377.88. Accordingly, the total amount sought in fees for all firms is $157,648.25 and the total amount sought in costs is $11,143.07, for a grand total of $168,796.32.

To substantiate this request, the plaintiff attaches the declarations of James Miller, Deepak Gupta, J. David Fenwick, and Lucas R. White, with supporting documentation.

Dated: October 3, 2023

Respectfully submitted,

*/s/*J. David Fenwick
J. David Fenwick (W. Va. Bar No. 6029)

**GOODWIN & GOODWIN, LLP**
300 Summer Street, Suite 1500
P.O. Box 2107
Charleston, WV 25328
(304) 346-7000
*jdf@goodwingoodwin.com*

Deepak Gupta*
Jonathan E. Taylor*
**GUPTA WESSLER LLP**
2001 K Street, NW, Suite 850 North
Washington, DC 20036
(202) 888-1741

Neil K. Sawhney*
**GUPTA WESSLER LLP**
505 Montgomery Street, Suite 625
San Francisco, CA 94111
(415) 573-0336

Alla Lefkowitz*
**EVERYTOWN LAW**
P.O Box 14780
Washington, DC 20044
(202) 545-3257

James Miller*
**EVERYTOWN LAW**
450 Lexington Avenue, P.O. Box 4184
New York, NY 10017
(646) 324-8222

4

*Counsel for Plaintiff*
*\*Pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| THE WEST VIRGINIA COALITION AGAINST DOMESTIC VIOLENCE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> PATRICK J. MORRISEY, in his official capacity as Attorney General for the State of West Virginia, <br><br> *Defendant*. | Civil Action No. 2:19-cv-00434 <br> (Judge John T. Copenhaver, Jr.) |

### CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2023, I electronically filed the foregoing motion for attorneys' fees with the Clerk of The United States District Court for the Southern District of West Virginia using the CM/ECF system. All participants are registered CM/ECF users and have been served by the CM/ECF system.

/s/J. David Fenwick
J. David Fenwick (W. Va. Bar No. 6029)

*Counsel for Plaintiff The West Virginia Coalition Against Domestic Violence, Inc.*

6